STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

08-1133

MARY A. SCOTT WHITMAN

VERSUS

MONICA WILLIAMS AND
SCOTT WALLACE

**********

APPEAL FROM THE
THIRTIETH JUDICIAL DISTRICT COURT,
PARISH OF VERNON, 78,909, DIVISION C
HONORABLE LESTER P. KEES, DISTRICT JUDGE

**********

J. DAVID PAINTER
JUDGE

**********

Court composed of Oswald A. Decuir, J. David Painter, and James T. Genovese, Judges.

AFFIRMED.

John K. (Mike) Anderson
101 South 1st Street
Leesville, LA 71446
Counsel for Defendant-Appellant:
    Monica Williams

Elvin C. Fontenot, Jr.
110 East Texas Street
Leesville, LA 71446
Counsel for Plaintiff-Appellee:
    Mary A. Scott Whitman

**Scott Micah Wallace**
**2080 North Lobdell Ave., Apt. 3220**
**Baton Rouge, LA 70806-1365**
**Defendant-Appellant: Pro Se**

**PAINTER, Judge.**

Defendant, Monica Williams, mother of the minor child, Indi Alissa Wallace Williams, appeals the judgment of the trial court that awarded joint custody of the minor child to the child's alleged father, Scott Wallace, Williams, and the father's maternal aunt, Mary A. Scott Whitman. For the following reasons, we affirm.

### FACTUAL AND PROCEDURAL BACKGROUND

Williams and Wallace were residing together in Round Rock, Texas, when Indi was born on June 7, 2004. Shortly thereafter, Williams and Wallace separated. Williams maintained custody of Indi until January of 2006 when she asked that Wallace care for the child. At that time, Indi moved to Baton Rouge, Louisiana, to reside with Wallace and his mother, Patricia Wallace. In July of 2006, Wallace and his mother became unable to care for Indi, and she went to live with Plaintiff, Whitman (who is Wallace's maternal aunt), in Vernon Parish, Louisiana. In December of 2007, Whitman filed for custody of Indi and received an ex parte order granting her custody. Williams then filed answers and reconventional demands to terminate the ex parte order. Williams was granted visitation on alternating weekends until a hearing could be held. On February 28, 2008, the parties entered into a stipulation, and the ex parte order was terminated. Williams had custody of Indi from February 28 through March 9, 2008, and then had visitation one week per month. Wallace was to have DNA testing performed to determine if he was the biological father of Indi. Following a trial on the merits, the trial court granted joint custody to Whitman, Williams, and Wallace, with Whitman being designated as the domiciliary custodial parent. Williams and Wallace were granted visitation. It is from this ruling that Williams now appeals, asserting that the trial court committed manifest error in

1

granting custody to a nonparent and that the trial court abused its discretion in finding that substantial harm would occur by returning Indi to her. Wallace does not appeal.

**DISCUSSION**

Louisiana Civil Code Article 133 governs the award of custody to nonparents and provides as follows:

> If an award of joint custody or of sole custody to either parent would result in substantial harm to the child, the court shall award custody to another person with whom the child has been living in a wholesome and stable environment, or otherwise to any other person able to provide an adequate and stable environment.

We are mindful that the "concept of parental primacy is well established in Louisiana law" and that a nonparent is "required to make a very strong showing before custody should be awarded in their favor." *Wilson v. Paul*, 08-382, p. 2 (La.App. 3 Cir. 10/1/08), ____ So.2d ____, ____. Furthermore, "[i]n a conflict between parents and nonparents, the parent enjoys the paramount right to custody of a child, and may be deprived of such right only for compelling reasons." *Id*. (quoting *Tennessee v. Campbell*, 28,823, p. 6 (La.App. 2 Cir. 10/30/96), 682 So.2d 1274, 1278). As such, the nonparent bears the burden of proving that "granting custody to the parent would be detrimental to the child, and that the best interest of the child requires an award of custody to the nonparent." *Id*. (quoting *Tennessee*, 682 So.2d at 1278). Moreover, in determining the best interest of the child, La.Civ.Code art. 134 provides:

> The court shall consider all relevant factors in determining the best interest of the child. Such factors may include:
>
> (1) The love, affection, and other emotional ties between each party and the child.

2

(2) The capacity and disposition of each party to give the child love, affection, and spiritual guidance and to continue the education and rearing of the child.

(3) The capacity and disposition of each party to provide the child with food, clothing, medical care, and other material needs.

(4) The length of time the child has lived in a stable, adequate environment, and the desirability of maintaining continuity of that environment.

(5) The permanence, as a family unit, of the existing or proposed custodial home or homes.

(6) The moral fitness of each party, insofar as it affects the welfare of the child.

(7) The mental and physical health of each party.

(8) The home, school, and community history of the child.

(9) The reasonable preference of the child, if the court deems the child to be of sufficient age to express a preference.

(10) The willingness and ability of each party to facilitate and encourage a close and continuing relationship between the child and the other party.

(11) The distance between the respective residences of the parties.

(12) The responsibility for the care and rearing of the child previously exercised by each party.

In this case, the trial court heard the testimony of Whitman, Wallace, and Williams, as well as the testimony of the mother of William's present fiancé. There was no dispute that Indi had been living in a wholesome and stable environment with Whitman for nearly two years at the time of trial. Williams had limited contact with Indi during that time as she was living in either Arizona, Dallas, Texas, or Austin, Texas. She provided no financial support. At the time of trial, Williams had become engaged to Steven Sovine, whom she had know for about a year, and had given birth to his child. Williams was living in Austin, Texas, at the home of Sovine's parents

3

and was working at the cosmetics counter in Dillards. Sovine had just become employed in the shoe department at Nordstrom. Whitman testified that after Indi visited with her mother, she cried a lot more than usual and was unruly in her day care class. The trial court found that there was a substantial risk to the child in taking her from a wholesome, stable environment and placing her with Williams, whom he found, by the evidence presented, was not a responsible mother. The trial court then awarded joint custody to Whitman, Wallace, and Williams, with Whitman being designated as the domiciliary custodial parent. Williams was awarded visitation according to an "Implementation Plan for Joint Custody" which included every other weekend, five weeks during summer vacation, and alternating holidays. Wallace was granted reasonable visitation not to interfere with Williams' specified visitation.

Our review of the trial court's oral reasons for judgment reveals that the trial court considered all of the relevant factors and noted that Indi had lived half of her life with Whitman in a stable and wholesome environment. We agree with the trial court that, at this time, and considering the present factual scenario, it would not be in Indi's best interest to move her out of Whitman's home. Whitman met her burden of proving that custody in Williams' favor would result in substantial harm to Indi. Thus, we find no manifest error in the judgment as rendered by the trial court.

**DECREE**

We affirm the trial court's award of custody. Costs of this appeal are assessed to Defendant-Appellant, Monica Williams.

**AFFIRMED.**