*278 PER CURIAM.*
11 In this child custody matter, the biological parents seek review of a ruling of the court of appeal which reversed a judgment of the district court modifying a custody order. For the reasons that follow, we reverse the judgment of the court of appeal and reinstate the judgment of the district court.
FACTS AND PROCEDURAL HISTORY
Lucille Marie McCormic (hereinafter referred to as “mother”) and Jason Ray Craft (hereinafter referred to as “father”) are the unmarried biological parents of a son born May 31, 2000. In April 2001, the father’s mother, Judith Ann Rider (hereinafter referred to as “grandmother”) adopted the child. From 2002 to approximately 2005, the parties lived as a family unit in a duplex in Lake Charles, with the father and mother residing in one side of the duplex, and the grandmother and the child living on the other side.
In 2005, the mother and father ended their relationship. Although the father moved, the living arrangement at the duplex between the mother, grandmother and child continued.
[2In 2006, the mother and father filed a petition for custody of the child. In support, they alleged the grandmother was in ill health and unable to properly care for the child.[1]
At the trial, the district court noted that this case presents somewhat of an anomaly because the grandmother adopted the child. Thus, the court found that the father and mother were actually nonparents and the grandmother was a parent for purposes of La. Civ.Code art. 133.[2] Based *279 on the evidence adduced at the trial, the district court determined that substantial harm would result to the child if the grandmother maintained sole custody. Accordingly, the court awarded all three parties (father, mother and grandmother) joint custody of the child, with the mother designated as the domiciliary parent.
The grandmother appealed. The court of appeal reversed and rendered judgment in favor of the grandmother, dismissing the petition of the mother and father. In its opinion, the court of appeal concluded that under La. Civ.Code art. 133, the grandmother, as parent, enjoyed the paramount right of custody, with the mother and father, as nonparents, bearing a heavy burden of proof of showing sole or joint custody with the grandmother would result in substantial harm to the child. The court reasoned that, because the district court found the grandmother was still entitled to joint custody, the mother and father obviously failed to prove that custody in the |sgrandmother’s favor would result in substantial harm to the child. Thus, the court concluded that, since no substantial harm was proven, the district court was prohibited from granting custody to the mother and father.
The mother and father have now applied to this court, seeking review of the judgment of the court of appeal.
DISCUSSION
As recognized by the lower courts, this case arises under unusual facts. By virtue of her adoption of the child, the grandmother is considered to be the child’s parent, while the child’s biological mother and father are relegated to the status of nonparents. Pursuant to La. Civ.Code art. 133, a nonparent is only entitled to custody upon a showing that “an award of joint custody or of sole custody to either parent would result in substantial harm to the child.... ”
In the instant case, the district court made a factual finding that allowing the grandmother to retain sole custody would be detrimental to the child. However, the court also recognized that the child would benefit from being part of a family unit that included the mother, father, and grandmother.
As shown by these seemingly inconsistent findings, the unique facts of this case do not fit cleanly into the parameters of La. Civ.Code art. 133. Nonetheless, it is well-established that each child custody case must be viewed in light of its own particular set of facts and circumstances, with the paramount goal of reaching a decision that is in the best interest of the child. Barberousse v. Barberousse, 556 So.2d 930 (La.App. 3 Cir.1990). The trial court has great discretion in this area, and its determination will not be disturbed in the absence of a clear abuse of discretion. Bagents v. Bagents, 419 So.2d 460 (La.1982). The primary consideration and [4prevailing inquiry is whether the custody arrangement is in the best interest of the child. See Evans v. Lungrin, 97-0541, 97-0577 (La.2/6/98), 708 So.2d 731.
Based on our review, we conclude that the tripartite custody arrangement fashioned by the district court comports with the best interest of the child. While we agree that an award of sole custody to the grandmother would be detrimental to the child, we believe the joint custody arrangement, with the mother designated as domiciliary parent, will alleviate any concerns in this regard. This joint custody arrange- *280 merit will further benefit the child by keeping intact the family unit in which he has lived for virtually his entire life. Under similar circumstances, courts have approved joint custody arrangements between parents and nonparents. See, e.g., Whitman v. Williams, 08-1133 (La.App. 3 Cir. 2/4/09), 6 So.3d 852; Smith v. Tierney, 04-2482 (La.App. 1 Cir. 2/16/05), 906 So.2d 586.
In the absence of any clear abuse of discretion by the district court, we find the court of appeal erred in reversing the district court’s judgment. Accordingly, we must reverse the judgment of the court of appeal and reinstate the judgment of the district court.
DECREE
For the reasons assigned, the writ is granted. The judgment of the court of appeal is reversed, and the judgment of the district court is reinstated.
JOHNSON, J., concurs and assigns additional reasons.

 Chief Justice Kimball not participating in the opinion.

. The child was removed from the grandmother’s care by the State in 2006, but was returned to her some time later. The child remained in the grandmother's custody at the time of trial.

. La. Civ.Code art. 133 provides:
If an award of joint custody or of sole custody to either parent would result in *279 substantial harm to the child, the court shall award custody to another person with whom the child has been living in a wholesome and stable environment, or otherwise to any other person able to provide an adequate and stable environment.