STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

**10-164 consolidated with 10-165**


PATRICIA LEBLANC

VERSUS

SHAWNEE GUILLORY


\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 2009-3393
HONORABLE RONALD F. WARE, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

**MARC T. AMY**
**JUDGE**

\*\*\*\*\*\*\*\*\*\*

Court composed of Jimmie C. Peters, Marc T. Amy, and J. David Painter, Judges.

**AFFIRMED.**

**Patricia LeBlanc**
**2465 Highway 397, Lot 8**
**Lake Charles, LA 70615**
**(337) 564-0299**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
**In Proper Person**

**Lee Randall Lemons**
**718 North Shattuck Street**
**Lake Charles, LA 70601**
**(337) 707-1004**
**COUNSEL FOR DEFENDANT/APPELLEE:**
**In Proper Person**

**Shawnee Guillory**
**2506 Poe Street**
**Lake Charles, LA 70601**
**COUNSEL FOR DEFENDANT/APPELLEE:**
**In Proper Person**

AMY, Judge.

The plaintiff filed a petition for sole custody of the defendant's minor child. The parties subsequently entered into a stipulated judgment wherein they agreed that the plaintiff would care for the minor child, and a trial date on the plaintiff's request for sole custody was set. The minor child's biological father joined the proceedings, and the trial court issued judgment granting the father sole custody. The plaintiff appeals. For the following reasons, we affirm.

## Factual and Procedural Background

On July 20, 2009, Patricia LeBlanc filed an ex parte petition for the custody of the minor child, Shalecia Guillory. The petition alleged that Ms. LeBlanc was the legal guardian of the child pursuant to a signed affidavit by the child's birth mother, Shawnee Guillory. In brief, Ms. LeBlanc asserts that she is related to the child by affinity as she was married to Ms. Guillory's uncle for a period of time.

In her petition, Ms. LeBlanc contended that Ms. Guillory was not fit to be a parent based upon her belief that Ms. Guillory was depressed, could not provide a stable home for the child, and was involved in drugs, domestic violence, and other criminal activities. Ms. LeBlanc stated that no father was identified on the birth certificate, and no father had been identified by the child's mother.

The matter came before the trial court, and the court minutes indicate that after a pre-trial conference with the parties, the trial court set a trial date for October 21, 2009. The minutes state that a "Trial on the Merits on Rule for Custody" was heard on the scheduled date. The minutes further demonstrate that after a pre-trial conference, the court dictated a stipulated agreement into the record and set a date for a trial on Ms. LeBlanc's request for sole custody. This agreement provided that Ms. LeBlanc would care for the child and that Ms. Guillory would exercise supervised

visitation. Further, it indicated that Ms. Guillory was instructed to inform the child's biological father of the proceedings and to contact the trial court if the father desired to become a party in the matter.

In November of 2009, Lee Lemons was identified by paternity test as the biological father of Shalecia. He subsequently filed a petition for sole custody on December 12, 2009.

These matters were consolidated[1], and a hearing took place on January 4, 2010. On that same day, the trial court entered a judgment granting sole custody to Mr. Lemons. The judgment further stated any visitation between the child and Ms. LeBlanc or Ms. Guillory was at the discretion of Mr. Lemons.[2]

Ms. LeBlanc appeals, advancing that the trial court erred in: (1) not granting her sole custody; (2) not allowing her visitation; (3) requiring her to take a drug test and awarding Mr. Lemons custody without requiring the same; and (4) allowing a conflict of interest in that the parties were allegedly represented by the same counsel. For the following reasons, we affirm.

**Discussion**

*Custody*

Louisiana Civil Code Article 133 governs the award of custody to nonparents, stating:

> If an award of joint custody or of sole custody to either parent would result in substantial harm to the child, the court shall award custody to another person with whom the child has been living in a wholesome and stable environment, or otherwise to any other person able to provide an adequate and stable environment.

---

[1] For the companion case to this appeal, *see Lee Randall Lemons v. Patricia LeBlanc*, 10-165 (La.App. 3 Cir. _/_/10__), ___ So.3d. ____.

[2] The order stated "any visitation with Patricia LeBlanc or Shawnee Guillory shall be at the discretion of Lee Lemons."

In *Whitman v. Williams*, 08-1133, p. 2 (La.App. 3 Cir. 2/4/09), 6 So.3d 852, 853, a panel of this court explained:

> [T]he "concept of parental primacy is well established in Louisiana law" and that a nonparent is "required to make a very strong showing before custody should be awarded in their favor." *Wilson v. Paul*, 08-382, p. 2 (La.App. 3 Cir. 10/1/08), 997 So.2d 572, 574. Furthermore, "[i]n a conflict between parents and nonparents, the parent enjoys the paramount right to custody of a child, and may be deprived of such right only for compelling reasons." *Id.* (quoting *Tennessee v. Campbell*, 28,823, p. 6 (La.App. 2 Cir. 10/30/96), 682 So.2d 1274, 1278). As such, the nonparent bears the burden of proving that "granting custody to the parent would be detrimental to the child, and that the best interest of the child requires an award of custody to the nonparent." *Id.* (quoting *Tennessee*, 682 So.2d at 1278).

After a pre-trial conference, the trial court gave oral reasons for judgment, stating, in pertinent part:

> And after discussions with all of the individuals I just indicated and considering the law, I'm going to grant custody of this child, the subject of this litigation, to Lee Lemons, who is the biological father.
>
> I did speak with his wife as well by phone. I am convinced that it is in the best interest - - not only is it probably legally required under the circumstances since he is the biological father of the child. . .
>
> . . . .
>
> Ms. LeBlanc, I want to give you compliments. You took [the child] in. Child looks happy, but I have to respect the interests and the rights of the father. And I'm going to grant custody to Lee.

A trial court's determination in child custody cases is entitled to great weight, and that discretion will not be disturbed on review absent a clear showing that the trial court abused that discretion. *Leard v. Schenker*, 06-1116 (La. 6/16/06), 931 So.2d 355, *citing AEB v. JBE*, 99-2668 (La. 11/30/99), 752 So.2d 756. Ms. LeBlanc alleges several grounds which she believes supports her contention that custody with Mr. Lemons would be detrimental. However, there is no evidentiary support submitted into the record showing that she made these allegations to the trial court.

3

The trial court acknowledged Ms. LeBlanc had cared for the child; however, it considered that, as the biological father, Mr. Lemons enjoyed paramount consideration absent a compelling reason to the contrary. Further, according to Mr. Lemons's petition, he alleged that the child's mother, Ms. Guillory, was in agreement that he be awarded custody. Accordingly, we find that the trial court did not abuse its discretion in failing to award Ms. LeBlanc sole custody.

This assignment of error is without merit.

*Visitation*

Ms. LeBlanc also appeals the trial court's custody judgment, asserting that it erred in "not allowing [her] visitation." In its judgment, the trial court stated "any visitation with Patricia LeBlanc . . . shall be at the discretion of Lee Lemons." At the hearing, the trial court stated "As I understand it, Mr. Lemons, you don't have any problems with visitation with Ms. LeBlanc seeing the child . . . That's something y'all are going to have to work out. This is not for me to decide right here today."

While Ms. LeBlanc asserts that she was denied visitation, our review of the trial court's judgment and the transcript indicates that the trial court neither granted or denied Ms. LeBlanc visitation. Accordingly, we find that review of this issue is not properly before this court on review.

This assignment lacks merit.

*Drug Test and Conflict of Interest*

In brief, Ms. LeBlanc asserts that the trial court erred in requiring her to submit to a drug test, yet not requiring the same from Mr. Lemons, and in allowing a conflict of interest in that she and Mr. Lemons were allegedly represented by the same counsel.

4

A review of the records reveals that neither of these assignments were raised at the trial court verbally nor through a filed motion[3]. "The well-settled jurisprudence of this court establishes that as a general matter, appellate courts will not consider issues raised for the first time, which are not pleaded in the court below and which the district court has not addressed." *Council of City of New Orleans v. Washington*, 09-1067, p. 3 (La. 5/29/09), 9 So.3d 854, 856. Accordingly, we do not consider these two assignments of error.

## DECREE

For the foregoing reasons, the trial court's judgment is affirmed. Costs of this appeal are assessed to the appellant, Patricia LeBlanc.

**AFFIRMED.**

---

[3] In brief, Ms. LeBlanc appears to contend that she objected to Mr. Lemons not being ordered to take a drug test in the judge's chambers during a pre-trial conference. However, no transcript of that conference is supplied in the record.