BROWN, Chief Judge.
11Katherine Atkins (“Kathy”) and Gus Atkins (“Gus”) were married on May 27, 2005, in Hamburg, Arkansas. Their son, Jackson, was born on August 4, 2005. Both Kathy and Gus had been previously married and divorced, and Kathy had a daughter, Kayleigh, from her previous marriage to James Rawls. Kathy has joint custody and is the primary domiciliary parent of Kayleigh.
Kathy filed a petition for an article 102 divorce from Gus on January 9, 2008, arid sought sole custody of Jackson. She also asked for a custody evaluation and other *615 ancillary relief. Kathy then took Jackson and left the matrimonial domicile in Bas-trop, Louisiana, and moved to her parents’ home in Crossett, Arkansas, approximately 30 minutes from Bastrop.
On March 7, 2008, Gus filed an answer and reconventional demand seeking joint custody and to be named as the primary domiciliary parent of Jackson. He also requested court-ordered visitation with his stepdaughter, Kayleigh. Gus expressed an objection to Kathy’s move to Arkansas with the parties’ child, asserting that it was violative of Louisiana’s relocation law.
On March 31, 2008, an interim order was signed, awarding the parties shared custody of Jackson with visitation alternating weekly until the initial hearing officer conference. This interim order prevented Kathy from permanently relocating or changing her domicile without further court order. After two hearing officer conferences, a report was rendered which continued the shared custody arrangement but named Gus as the primary | gdomiciliary parent. Both parents filed objections to the hearing officer’s report.
On October 22, 2009, a divorce judgment was signed and filed. The hearing on the remaining issues began that same day and after several continuances, the final day of the hearing was February 25, 2011. The trial court issued its written reasons for judgment on December 2, 2011, and judgment was rendered and signed on February 23, 2012. The trial court granted the parties joint custody, naming Gus as the primary domiciliary parent and ordering Kathy to pay child support. It is from this judgment that Kathy has appealed.

Discussion

The primary consideration in any child custody determination is the best interest of the child. La. C.C. art. 131. The court must consider all relevant factors in determining the best interest of the child. La. C.C. art. 134. Every child custody case should be decided in light of its own particular set of facts, circumstances and relationships. D.M.B.T. v. M.A.T., 46,381 (La.App.2d Cir.05/18/11), 83 So.3d 3; Shivers v. Shivers, 44,596 (La.App.2d Cir.07/01/09), 16 So.3d 500; Earle v. Earle, 43,925 (La.App.2d Cir.12/03/08), 998 So.2d 828, writ denied, 09-0117 (La.02/13/09), 999 So.2d 1151; Bonnecarrere v. Bonnecarrere, 11-0061 (La.App.1st Cir.07/01/11), 69 So.3d 1225.
As noted by this court in Walker v. Walker, 38,982 (La.App.2d Cir.08/18/04), 880 So.2d 956, a literal articulation of the article 134 factors is unnecessary when a trial court reaches a conclusion regarding a child’s best interest. While helpful, the trial court’s means of weighing and balancing |sthe article 134 factors need not be specifically stated. See also Coleman v. Coleman, 47,080 (La.App.2d Cir.02/29/12), 87 So.3d 246. Underlying the trial court’s great discretion in custody cases is its opportunity to better evaluate the credibility of witnesses. Therefore, a trial court’s determination in the establishment or modification of custody is entitled to great weight and will not be reversed on appeal unless an abuse of discretion is clearly shown. McCormic v. Rider, 09-2584 (La.02/12/10), 27 So.3d 277; Coleman, supra; Mayo v. Henson, 42,250 (La.App.2d Cir.05/09/07), 957 So.2d 318.
Louisiana’s relocation statutes, La. R.S. 9:355.1-9:355.17, govern the relocation of a child’s principal residence in three situations: (1) to a location outside the state; (2) if there is no court order awarding custody, more than 150 miles within the state from the other parent, or (3)if there is a court order awarding custody, more than 150 miles from the domicile of the primary custodian at the time the custody decree was awarded. La. R.S. *616 9:355.1(4)(a) and (b). The relocating parent has the burden of proving that the proposed relocation is made in good faith and is in the best interest of the child. La. R.S. 9:355.13. There are 12 factors for the court to consider in determining whether a proposed relocation is in the child’s best interest. La. R.S. 9:355.12; Curole v. Curole, 02-1891 (La.10/15/02), 828 So.2d 1094. Louisiana Civil Code article 134 supplements and to a great extent overlaps with La. R.S. 9:355.12. Perez v. Perez, 11-537 (La.App.3d Cir.02/29/12), 85 So.3d 273, writ denied, 12-0743 (La.05/18/12), 89 So.3d 1195; Miller v. Miller, 01-356 (La.App.3d Cir.10/31/01), 799 So.2d 753. La. R.S. 9:355.12 does not direct the court to give preferential consideration to any certain factors. Gathen v. Gathen, 10-2312 (La.05/10/11), 66 So.3d 1; Curole, supra; Fuqua v. Fuqua, 46,118 (La.App.2d Cir.01/26/11), 57 So.3d 534. Instead, in ruling on a relocation request, the trial court may give whatever weight it deems appropriate to the testimony of any and all witnesses, including that of experts. Id. The trial court’s determination to grant or deny a relocation is entitled to great weight and will not be overturned on appeal absent a clear showing of abuse of discretion. Fuqua, supra.
Both the hearing officer and the trial court erred in failing to recognize that this case should have been specifically analyzed under both La. C.C. art. 134 and La. R.S. 9:355.12 based upon the fact that Kathy made an out-of-state move with the parties’ child that was opposed by Gus during the parties’ divorce proceedings and before any custody issues were determined or settled. Nonetheless, in making its ruling on which parent should be awarded primary domiciliary custody, the trial court listed the factors set forth in La. C.C. art. 134 (although erroneously referred to in the court’s written reasons as La. R.S. 9:355.12), noted that it had considered each factor, then discussed its reasons for finding that Gus should be awarded primary domiciliary custody of Jackson. The court further found that the child should remain in Bastrop, Louisiana, an implicit determination that Kathy’s relocation with Jackson was not in the child’s best interest. ,
The court observed that these young parents had a marriage with “a lot of problems,” which, having read the testimony in this case, we find to |5be an understatement. The trial court noted its concern that Kathy and Gus would have “great difficulty” cooperating in the upbringing of their young son. The record fully supports this concern as well. Kathy Atkins’ testimony evidenced an unwillingness to facilitate and encourage a relationship between the child and her ex-husband, while Gus’s testimony showed that he was more likely to support and encourage Kathy’s relationship with Jackson.
From the record, it is apparent that both parents love their son and are both able and willing to see to his spiritual guidance, education, and rearing. Likewise, both Kathy and Gus can provide for Jackson’s basic and material needs. Jackson has more of a home, community and school history in Bastrop, but is beginning to make such ties in Arkansas as well.
The court placed significant weight upon the involvement and assistance of Gus’s extended family and their ability and willingness to help with Jackson’s raising, as well as upon the fact that Gus had a stable home, job and transportation. The court noted that the mother “now living in Cros-sett, Arkansas, appears to move around quite a bit and her family is not consistently available to help with the child.” The court recognized that the parties live only 30 miles apart, so such a short distance would not be a hindrance to either party *617 spending time with Jackson or attending any of his extracurricular or school functions. We found, no doubt as did the trial court, significant credibility issues with the testimony of Kathy Atkins, several of them being misrepresentations to the trial court about the permanency of her move to Arkansas. While we agree with Kathy that | ⅜Jackson will be negatively affected by his separation from his half-sister, Kayleigh, we note that this is just one factor among the many that the trial court considered. Having read the record in its entirety, we find no abuse of the trial court’s discretion in this case and therefore will affirm the judgment of the lower court.

Conclusion

For the reasons set forth above, the judgment of the trial court is AFFIRMED. Costs are assessed to appellant, Katherine Estelle Atkins.