PITMAN, J.
| defendant Loren Beau Yerger (“Beau”) appeals the trial court’s judgment regarding child custody in favor of Plaintiff Ashley Yerger (“Ashley”). For the following reasons, we affirm.
FACTS
Beau and Ashley Yerger married on July 8, 2006, and established a domicile in Caddo Parish. Two minor children were born of the marriage, i.e., daughter ZBY (born August 3, 2007) and son MRY (born February 11, 2011). The parties initially separated in November 2010, while Ashley was pregnant with their second child, and Ashley filed for divorce in December 2010. In January 2011, the parties entered into an interim judgment in which they agreed they would share joint custody of the children with Ashley designated as domiciliary parent. After the birth of MRY in February 2011, the parties reconciled and jointly moved to dismiss the initial petition for divorce.
On April 24, 2014, Beau filed a petition for divorce under La. C.C. art. 102 and incidental matters, claiming that the parties separated on April 11, 2014. He stated that the parties had reached an agreement regarding child custody and that they desired that the agreement be made a judgment of the court. On May 28, 2014, Ashley filed an answer and denied Beau’s statement that they had reached an agreement regarding custody. She explained that she discovered information that his proposal would not be in the best interest of the children and, therefore, stated that she did not consent to his proposed plan of child custody or his offer of child support. Ashley contended that the parties should be awarded joint |2custody of their children and that she should be named domiciliary parent, subject to a plan of physical custody set forth in a joint custody implementation plan approved by the court that allows Beau designated periods of physical custody.
A hearing on the issue of custody was held on June 11-12, 2014. Beau testified that he wants shared custody because he has a loving relationship with his children. He stated that, prior to hiring attorneys, he and Ashley agreed to a week-on, week-off custody schedule during their separation and that they put this agreement in writing, explaining that the children stay in the family home and that the parents rotate in and out of the home. He testified that both parents share responsibilities of the children and explained that ZBY has an iPod Touch that she uses to communicate with her parents through text messaging and FaceTime. Beau noted that he helped ZBY make a calendar so she can understand which days she will see each parent. Beau testified that he filed for Chapter 13 bankruptcy in 2011 and that he has fallen behind on making mortgage payments on the family home.[1] He stated that, if he is forced to leave the home due to foreclosure, he would have one month to establish a residence elsewhere, and he hypothesized that he would *605 stay with his mother and grandmother, who live in Shreveport. He stated that he works foll time, Monday through Friday, and that he participates in weekly fishing tournaments and likes to exercise. Beau admitted that the week-on, week-off schedule was altered when he had a fishing tournament on his week with the children and explained that ] 3Ashley would take the children a day early so that he could participate in the tournaments. Ashley testified that she wants joint custody because it will provide a more stable home for the children. She stated that she and Beau had a temporary custody agreement until their family home sold, but that she changed her mind about the agreement when she discovered that Beau had not been paying the mortgage on the home. Ashley discussed her financial situation and stated that her only expenses were her car note and daycare costs. Ashley noted that, although Beau is a good father, he deviates from the strict routine they had in place for their children. She explained that ZBY has ADHD and takes medication on school days and therefore needs to be on a fixed schedule with daily routines. Ashley testified that she works full time and that ZBY attends first grade in a year-round program and an after-school program and that MRY attends daycare. Ashley stated that her plan is to live with her parents until she can find a house to rent. The parties also stipulated that, if Ashley’s father were called to testify, he would state that his daughter and grandchildren could stay at his home.
After hearing the testimony of both parties, the district court provided oral reasons for judgment and ruled that joint custody with Ashley named as domiciliary parent was in the best interest of the children (per La. C.C. art. 131). It analyzed the La. C.C. art. 134 factors and stated that most did not favor either party, but found that two factors, i.e., factors (3) and (5), favored Ashley.
|4On June 20, 2014, the district court signed a judgment on rules and considered decree of custody. The parties were awarded joint custody of the minor children with Ashley as the designated domiciliary parent subject to periods of physical custody in favor of Beau as set forth in the joint custody implementation plan. This plan stated that Beau will have physical custody every other weekend from Thursday at 6:00 p.m. until Monday morning when he takes the children to school.[2] The plan also set forth how holidays will be divided between the parties and that school breaks will be divided equally.
On July 3, 2014, Beau filed a motion for new trial. He alleged that Ashley failed to meet the burden of showing by clear and convincing evidence that an award of custody to one parent is in the best interest of the children, rather than awarding custody to the parties jointly as required by La. C.C. art. 132. On July 18, 2014, Ashley filed an opposition to the motion for new trial and emphasized that the parties were awarded joint custody. On August 22, 2014, the district court denied the motion for new trial.
Beau appeals the ruling of the trial court.

DISCUSSION

La. C.C. art. 134 Factors

In his first assignment of error, Beau argues that the trial court erred in finding that factors (3) and (5) of La. C.C. art. 134 *606 favor Ashley and erred in its application of those findings. Regarding factor (3), Beau points out |sthat Ashley has never lived on her own and has never been solely responsible for living expenses and material needs. He notes that she has never paid a house note or a bill for living expenses, except for a water bill, and that her parents have financed her automobile and paid off her credit card debt. Regarding factor (5), Beau argues that the evidence does not show that the proposed custodial home of either party is better suited than the other and notes that both parties might live with their parents.
Ashley argues that the trial court did not err in its application of the La. C.C. art. 134 factors. Regarding factor (3), she alleges that Beau is financially irresponsible and lied to her about his failure to make mortgage payments. Ashley states that she has maintained a job for six years, that she makes sure daycare expenses are paid and that she paid off her debts before the parties were married. Regarding factor (5), Ashley contends that Beau does not have a plan for a home for the children after the sale of their family home. She points out that her parents stated in court that they would allow her and the children to stay with them. Ashley also contends that her daughter’s ADHD would be better served during the school year by having longer periods of time with her.
The primary consideration in any child custody determination is the best interest of the child. La. C.C. art. 131; Atkins v. Atkins, 47,563 (La.App.2d Cir.9/26/12), 106 So.3d 614. The court shall consider all relevant factors in determining the best interest of the child. La. C.C. art. 134. La. C.C. art. 134 states, in pertinent part, that such factors may include:
[[Image here]]
|fi(3) The capacity and disposition of each party to provide the child with food, clothing, medical care, and other material needs.
[[Image here]]
(5) The permanence, as a family unit, of the existing or proposed custodial home or homes.
Custody determinations are made on a case-by-case basis, and the trial court has vast discretion in deciding the matters of child custody and visitation. Watson v. Watson, 45,652 (La.App.2d Cir.8/11/10), 46 So.3d 218. This discretion is based on the trial court’s opportunity to better evaluate the credibility of the witnesses. Slaughter v. Slaughter, 44,056 (La.App.2d Cir.12/30/08), 1 So.3d 788, citing McCready v. McCready, 41,026 (La.App.2d Cir.3/8/06), 924 So.2d 471. Every child custody case should be decided in light of its own particular set of facts, circumstances and relationships. Atkins, swpra. A trial court’s determination in the establishment of custody is entitled to great weight and will not be reversed on appeal unless an abuse of discretion is clearly shown. Thompson v. Thompson, 532 So.2d 101 (La.1988); Atkins, supra.
In the instant case, the record reveals that the trial court thoroughly evaluated each of the factors listed in La. C.C. art. 134, noting that most of the factors did not favor either parent, but finding that factors (3) and (5) favored Ashley. The trial court stated that factor (3) favored Ashley because she provided more structure, notably regarding ZBY’s ADHD. It also noted that Beau took the family on a vacation to Disney World despite their financial troubles and that, at times, has prioritized his hobbies of exercise and fishing ahead of spending time with his children. It found that factor (5) favored Ashley because she had a plan to live with her parents and |7Beau did not have a plan for where to live after the sale of the *607 family home. The trial court again noted that Ashley’s proposed living situation was “a tad bit stronger” than Beau’s and commented that Ashley is structured.
Based on the facts and evidence presented, we find that the trial court did not abuse its discretion in applying the elements of La. C.C. art. 134 to determine that joint custody with Ashley named as the domiciliary parent is in the best interest of the children. Accordingly, this assignment of error is without merit.

Shared, Equal Child Custody

In his second assignment of error, Beau argues that the trial court erred in failing to implement shared, equal child custody as mandated in La. R.S. 9:335. He contends that the trial court properly awarded joint custody, but argues that no evidence was offered to prove that shared custody was not feasible. He points out that neither party has a work schedule that would make sharing custody difficult and states that both parents reside in Shreveport, so geography is not a factor. Noting that the parties have shared custody for all school breaks, Beau argues that no evidence was presented at trial that demonstrated that less-than-shared custody yiras better while school was in session.
Ashley contends that the custody plan approved by the trial court provides Beau with frequent and continuing time with the children and that, therefore, the trial court did not abuse its discretion. She points out that, even though Beau emphasizes that they agreed to shared custody, in practice, he often returned the children to her at least a day early so that he |scould go fishing. Ashley states their attempted shared custody during their separation did not succeed and caused problems for the children in that they were unruly after their week with Beau, Beau allowed ZBY to miss taking her ADHD medicine and he took the children to school late several times.
 Joint custody determinations are governed by La. R.S. 9:335, which provides, in pertinent part, that:
A.(l) In a proceeding in which joint custody is decreed, the court shall render a joint custody implementation order except for good cause shown.
(2)(a) The implementation order shall allocate the time periods during which each parent shall have physical custody of the child so that the child is assured of frequent and continuing contact with both parents.
(b) To the extent it is feasible and in the best interest of the child, physical custody of the children should be shared equally.
However, when the trial court finds that a decree of joint custody is in the best interest of the child, the statute does not necessarily require an equal sharing of physical custody. Langford v. Langford, 49,080 (La.App.2d Cir.4/9/14), 138 So.3d 101, citing Stephenson v. Stephenson, 37,323 (La.App.2d Cir.5/14/03), 847 So.2d 175, and Craft v. Craft, 35,785 (La.App.2d Cir.1/23/02), 805 So.2d 1213. Substantial time, rather than strict equality of time, is mandated by the legislative scheme providing for joint custody of children. Id.
As discussed, supra, the trial court has vast discretion in deciding matters of child custody and visitation, and its determination will not be disturbed on appeal, absent a clear showing of an abuse of discretion. See Wilson v. Finley, 49,304 (La.App.2d Cir.6/25/14), 146 So.3d 282.
|flIn the case sub judice, the trial court opined that, after listening to the testimony of the parties, shared custody is not in the children’s best interest. It explained that Beau has “some responsibility problems.” It went on to state that, although it planned to define the weekend for visitation purposes as Friday to Monday, it changed that determination based on Ashley’s testimony that she was not *608 opposed to the weekend beginning on Thursday. The trial court did note that, if ZBY’s grades fell or she had problems socially due to this arrangement, the parties should return to court regarding the custody schedule.
The goal of joint custody, i.e., frequent and continuing contact with the children, has been met. Beau has custody of the children every other weekend, with the weekend defined as Thursday evening at 6:00 p.m. until Monday morning when he drops the children off at school. Beau and Ashley share holidays, summer break and school intercessions equally.
The trial court did not abuse its discretion when awarding joint, but not shared, custody in this case. Accordingly, this assignment of error is without merit.

CONCLUSION

For the foregoing reasons, the child custody judgment of the trial court in favor of Plaintiff Ashley Yerger is affirmed. Costs of appeal are assessed to Defendant Loren Beau Yerger.
AFFIRMED.

. Beau’s bankruptcy attorney also testified at this hearing.

. If Monday is a school holiday, he has custody until he takes the children to school on Tuesday.