KLINE, J.
12In this custody case, the trial court, on its own motion, raised the exception of no cause of action[2] and dismissed a nonpar- *762 ent’s unopposed petition to share custody of a child with the biological mother. Judgment was signed and petitioner appealed.[3] For the following reasons, we recognize and maintain the. no right of action exception and affirm the judgment.
STANDARD OF REVIEW and PERTINENT LAW No Cause of Action
In reviewing a trial court’s ruling sustaining an exception of no cause of action, the reviewing court subjects the case to a de novo review because the exception raises a question of law and the lower court’s decision is based only on the sufficiency of the petition. Harper v. Layrisson, 99-0544, p. 5 (La.App. 1 Cir. 4/10/00), 764 So.2d 1061, 1064.
The peremptory exception pleading the objection of no cause of action is a procedural device used to test whether, under the allegations of the petition, the law affords any remedy for the grievance asserted. Id., 00-0544 [99-0544], p. 4, 764 So.2d at 1063.
Every reasonable interpretation must be accorded to the language of the petition in favor of maintaining the sufficiency of the petition and affording the litigant an opportunity to present his evidence. Id.
The court should sustain the exception only if the law affords no remedy under any evidence that is admissible under the pleadings. Id., 99-0544, p. 5, 764 So.2d at 1063.
A petition should not be dismissed for failure to state a cause of action unless it appears beyond doubt that the plaintiff can prove no set of facts in support of any claim which would entitle him to relief. Id. 99-0544, p. 5, 764 So.2d at 1063-64.
|sVo Right of Action
The peremptory exception pleading the objection of no right of action challenges whether plaintiff has an actual interest in bringing the action. Mayeaux v. Glover, 08-2031, pp. 4-5 (La.App.1/12/10), 31 So.3d 1090, 1093. Whether a person has a right of action depends on whether the particular plaintiff belongs to the class in whose favor the law extends a remedy. This exception questions whether the plaintiff has an interest in judicially enforcing the right asserted. Id.
Louisiana Civil Code article 132 states as follows:
If the parents agree who is to have custody, the court shall award custody in accordance with their agreement unless the best interest of the child requires a different award.
In the absence of agreement, or if the agreement is not in the best interest of the child, the court shall award custody to the parents jointly; however, if custody in one parent is shown by clear and convincing evidence to serve the best interest of the child, the court shall award custody to that parent.
*763 Louisiana Civil Code article 138 states as follows:
If an award of joint custody or of sole custody to either parent would result in substantial harm to the child, the court shall award custody to another person with whom the child has been living in a wholesome and stable environment, or otherwise to any other person able to provide an adequate and stable environment.
BACKGROUND
The minor child at issue was conceived by artificial insemination and has only one known biological parent, her mother, Colette Melancon. Since her birth, the child and her biological mother have resided in the home of plaintiff/appellant, Kristine M. Berger. Ms. Melancon’s affidavit was filed with the petition. In her affidavit she avers that she consents to joint custody of the child being awarded to “her and Kristine M. Berger.” A consent judgment to this effect was submitted to the trial court.
The trial court did not sign the consent judgment. Instead, citing Black v. Simms, 08-1465 (La.App. 3 Cir. 6/10/09), 12 So.3d 1140, the trial court raised and maintained on its own motion the exception of no cause of action. The trial court handwrote an order denying the application for a consent judgment. The 14handwritten sentence said “pleadings must allege, and a finding by the Court must be made to conform to the trial court’s statement that an award of sole custody to the parent would cause substantial harm to the child, as per to La. C.C. art. 133.” This was memorialized in a formal judgment.
Ms. Berger appealed. In her appeal she alleges that the trial court erred: (1) in refusing to sign the consent judgment of custody; and (2) in requiring that she allege and prove that sole custody to the parent (with whom petitioner seeks to share custody) would result in substantial harm to the child.
DISCUSSION
While the trial court based its ruling on LSA-C.C. art. 133, Ms. Berger argues, citing LSA-C.C. art. 132, that since there is no dispute between the biological mother and herself regarding the best interest of the child on the award of joint custody, the trial court should have awarded custody in accordance with the mother’s wishes.
Louisiana Civil Code article 132 is inapplicable to Ms. Berger’s circumstance. LSA-C.C. art. 132 discloses causes of action for shared or joint custody only to legal parents. Ms. Berger is not a legal parent.
The focus on an exception of no right of action is on whether the particular plaintiff has a right to bring the suit. Badeaux v. Southwest Computer Bureau, Inc., 05-0612, 05-719, pp. 6-7 (La.3/17/06), 929 So.2d 1211, 1216-17. Ms. Berger has no right of action under LSA-C.C. art. 132 since she is not a member of the class of persons that has a legal interest in the subject matter of the litigation. Id. Accordingly, we raise and maintain on our own the exception of no right of action as to any claim under LSA-C.C. art. 132.
Louisiana Civil Code Article 133 is specific to an “Award of custody to person other than a parent,” which is the circumstance before us in this case. The language in article 133 presumes a dispute where some person is trying to ^protect a child from substantial harm. Pursuant to LSA-C.C. art. 133, a nonparent is only entitled to custody upon a showing that “an award of joint custody or of sole custody to either parent would result in substantial harm to the child.” McCormic v. *764 Rider, 09-2584, p. 3 (La.2/12/10), 27 So.3d 277, 279.
Consequently, Ms. Berger has failed to allege a cause of action under Article 133 when she failed to allege that “sole custody [by the natural parent] ... would result in substantial harm to the child.” In essence, the law today simply does not permit a parent to share custody with a non-parent without a showing of substantial harm to the child.[4] Accordingly, the trial court did not err in maintaining the exception of no cause of action regarding LSA-C.C. 133.
If the allegations in the petition merely fail to specify the acts that establish a cause of action or right of action, then the court should permit plaintiff an opportunity to amend the petition. See LSA-C.C.P. art. 934; See also Badeaux v. Southwest Computer Bureau, Inc., 05-0612, 05-719 at pp. 10-11, 929 So.2d at 1219. When the grounds of the objection cannot be removed, then plaintiffs need not be given an opportunity to amend. Id. Here, Ms. Berger cannot remove the grounds of the objections raised under LSA-C.C. art. 133 or LSA-C.C. art. 132 because the law provides her with no legal remedy, and she cannot cure the defect by amending the petition.
As the supreme court expressed in Duncan v. U.S.A.A. Insurance Company, 06-363 (La.11/29/06), 950 So.2d 544, when a law is clear and unambiguous and its application does not lead to absurd consequences, the law shall be applied as written and no further interpretation may be made in search of the intent of the legislature. Id., 06-363 at p. 9, 950 So.2d at 550 (citing LSA-R.S. 1:4). When the wording of a section is clear and free of ambiguity, the letter of it shall be not disregarded under the pretext of pursuing its spirit. Id. We, as an ^intermediate court and pursuant to our constitutional duty, must apply the laws of this state as promulgated by the Louisiana legislature and interpreted by the Louisiana Supreme Court. State v. Barclay, 591 So.2d 1178, 1184 (LaApp. 1 Cir. 4/3/92). Accordingly, we affirm the trial court judgment.
DECREE
For the above stated reasons, we maintain the Exception of No Right of Action, raised sua sponte. We also affirm the trial court judgment sustaining the Exception of No Cause of Action. The cost of this appeal is assessed to Kristine M. Berger.
EXCEPTIONS OF NO RIGHT OF ACTION, RAISED SUA SPONTE SUSTAINED; JUDGMENT AFFIRMED.
KUHN, J., dissents & assigns reasons.
PETTIGREW, J., concurs and assigns reasons.

. LSA-C.C.P. art. 927(B) provides the following:
The court may not supply the objection of prescription, which shall be specially pleaded. The nonjoinder of a party, preemption, res judicata, the failure to disclose a cause of action or a right or interest in the plaintiff to institute the suit, or discharge in bankruptcy, *762 may be noticed by either the trial or appellate court on its own motion.

. This court permitted the appellant to submit additional briefs on issues raised in oral argument that were not briefed. These issues included interpretation of applicable Civil Code articles and the rights of a biological parent who donated sperm. We acknowledge that in her supplemental brief, appellant requested us to remand this matter to the trial court for a hearing on the best interest of the child. We have considered these issues in rendering this decision. LSA-C.C. art. 132 does not contemplate shared custody between parents and non-parents. As discussed within, Art. 133 is also inapplicable. We suggest the appellant’s remedy, if any, lies in the legislative process.

. We make no comment on whether custody could be shared if a showing of substantial harm were made, as that circumstance is not before us for decision.