HIGGINBOTHAM, J.
|3In this matter, two cases that were consolidated for all purposes, including trial and this appeal, concern one common issue of statutory interpretation: whether La. R.S. 9:2780.1 applies to public works contracts with the State of Louisiana, through the Department of Transportation and Development (DOTD), so as to prevent DOTD from requiring contractors to provide an Owners and Contractors Protective (OCP) liability insurance policy. Pursuant to the law of the case doctrine, we reiterate our holding in a related writ action, Mercer, L.L.C., et al v. State of Louisiana, Department of Transportation and Development, 2018-1108 (La.App. 1st Cir.11/19/13) (unpublished), wherein we ruled that “La. R.S. 9:2780.1 does not apply to public works contracts with DOTD. La. R.S. 48:250 et seq. and La. R.S. 38:2216(G) govern this matter.”
FACTS AND PROCEDURAL HISTORY
This is a consolidated class action suit that has never been certified. It was filed by licensed Louisiana general contractors against DOTD, seeking a declaratory judgment, permanent injunction, and damages. The contractors’ claims arise out of DOTD’s contractual specification requiring that the contractors furnish an OCP liability policy naming DOTD as the named insured as a condition of contracting with DOTD. The contractors specifically allege that the OCP liability policy requirement violates a statutory prohibition against such provisions found in La. R.S. 9:2780.1(C), which was enacted by 2010 La. Acts, No. 492, § 1, and became effective January 1, 2011.[1] All of the contractors Linvolved in this litigation entered into public works contracts with DOTD after January 1, 2011.
The matter was initiated when four general contractors, Jeff Mercer, L.L.C., Specialty Contractors of Louisiana, L.L.C., Gibson & Associates, Inc., and Cecil D. Gassiott, L.L.C., filed a petition against DOTD on June 7, 2012 (hereafter referred to as “the Mercer lawsuit”).[2] The contrac-
I *1183 tors in the Mercer lawsuit contended that La. R.S. 9:2780.1(0) renders unenforceable DOTD’s provision in its contractual specifications that requires contractors to procure OOP liability insurance providing coverage for the contractors’ operations that are performed for DOTD, and for DOTD’s general supervision of those operations. DOTD responded by filing peremptory exceptions raising the objections of no right and no cause of action, contending that La. R.S. 9:2780.1 does not apply to public works contracts involving DOTD, but instead those contracts are governed by Titles 48 (DOTD Public Works Act) and 38 (Public Works Act) of the Louisiana Revised Statutes, which specifically allow for insurance arrangements in public works contracts.
The district court overruled DOTD’s exceptions, prompting DOTD to file an application for a writ of supervisory review with this court. A three-judge panel of this court granted DOTD’s writ application and rendered judgment sustaining DOTD’s exceptions and dismissing the Mercer lawsuit with prejudice on November 19, 2013. In that writ action, we succinctly stated:
WRIT GRANTED. La. R.S. 9:2780.1 does not apply to public works contracts with DOTD. La. R.S. 48:250 et seq. and La. R.S. 38:2216(G) govern this matter. Accordingly, we grant the writ, reverse the trial court’s denial of relator’s exception of no right and no cause of action and dismiss plaintiffs’ suit with prejudice. [McDonald, Whipple, and Petti-grew, JJ.]
Mercer, et al. v. State of Louisiana, through the Dept. of Transportation and Development, 2013-1108 (La.App. 1st Cir.11/19/13) (unpublished). After the contractors’ rehearing application was denied by this court on January 14, 2014, the Louisiana Supreme |sCourt denied certio-rari on April 11, 2014. Mercer, et al. v. State of Louisiana, through the Dept. of Transportation and Development, 2014-0323 (La. 4/11/14) (unpublished).
While DOTD’s writ application in the Mercer lawsuit was pending before this court, two more contractors, Alpha Service and Products, Inc., and Hames Contracting, Inc., filed a separate class action petition against DOTD on August 28, 2013 (hereafter referred to as “the Alpha lawsuit”). The Alpha lawsuit was substantially identical to the petition that had been filed in the Mercer lawsuit. Pursuant to an unopposed motion, the district court signed an order on September 16, 2013, consolidating the Mercer and Alpha lawsuits for all purposes, including for trial. However, after the Supreme Court denied writs in the Mercer lawsuit, thereby making this court’s ruling final, DOTD filed the same peremptory exceptions raising the objections of no right and no cause of action as to the allegations contained in the Alpha lawsuit. DOTD relied on this court’s language in the Mercer lawsuit, wherein we stated that La. R.S. 9:2780.1 does not apply to public works contracts with DOTD. On September 8, 2014, the district court sustained DOTD’s exceptions and dismissed the petition in the Alpha lawsuit, with prejudice, after recognizing that this court had previously decided the issue in the Mercer lawsuit. The September 8, 2014 judgment is the subject of this appeal.
The contractors in both the Mercer and Alpha lawsuits were granted separate appeals from the September 8, 2014 judgment of the district court, which dismissed the contractors’ claims in the Alpha lawsuit.[3] The appeals were consolidated at *1184 this court, just as they were at the district court (the Mercer lawsuit appeal is numbered 2014 CA 1751 and the Alpha lawsuit appeal is numbered 2014 CA 1752). However, the only brief that has been filed in this matter is one filed on behalf of the contractors in the Alpha lawsuit. As both appeals relate to only one district court judgment rendered on September 8, 2014, well after the contractors in the Mercer lawsuit had been finally dismissed by means of the Supreme Court’s writ denial in that matter, we hereby dismiss the obviously moot and/or abandoned |fiappeal filed on behalf of the Mercer lawsuit contractors who are no longer involved in this matter. See La.Code Civ. P. art. 2165. It is apparent that any decree we render would serve no useful purpose or give any practical relief to the Mercer contractors since they are no longer a part of this lawsuit. See Louisiana State Bd. of Nursing v. Gautreaux, 2009-1758 (La.App. 1st Cir.6/11/10), 39 So.3d 806, 811. writ denied, 2010-1957 (La.11/5/10), 50 So.3d 806.
The contractors in the Alpha lawsuit raise two assignments of error. They assert that the district court erred: (1) in sustaining DOTD’s exceptions of no right and no cause of action based upon this court’s supervisory writ decision in the Mercer lawsuit, because this court’s writ ruling was erroneous; and (2) in failing to allow the contractors in the Alpha lawsuit an opportunity to amend their petition before dismissing their claims with prejudice.
STANDARD OF REVIEW
' The peremptory exception pleading the objection -of no right of action challenges whether the plaintiffs have an actual interest in bringing the action. See La.Code Civ. P. art. 927(A)(6); Estate of Mayeaux v. Glover, 2008-2031 (La.App. 1st Cir.1/12/10), 31 So.3d 1090, 1093, writ denied, 2010-0312 (La.4/16/10), 31 So.3d 1069. Whether a person has a right of action depends on whether the particular person belongs to the class in whose favor the law extends a remedy. In other words, the exception questions whether the plaintiff has an interest in judicially enforcing the right asserted. Id. Whether a plaintiff has a right of action is a question of law. Therefore, it is reviewed de novo on appeal. OXY USA Inc. v. Quintana Production Co., 2011-0047 (La.App. 1st Cir.10/19/11), 79 So.3d 366, 376, writ denied, 2012-0024 (La.3/2/12), 84 So.3d 536. To prevail, the defendant must show that the plaintiff does not possess an interest in the subject matter of the suit or the legal capacity to proceed with the suit. Id.
A district court’s judgment sustaining the peremptory exception of no cause of action is also subject to de novo review by an appellate court, because the exception raises a question of law and the lower court’s decision is based only on the legal sufficiency of the petition. In re Melancon, 2010-1463 (La.App. 1st Cir.12/22/10), 62 So.3d 759, 762. The 17exception of no cause of action is used to determine whether, under the allegations of the petition, the law affords any remedy for the grievance asserted. Id. A petition should not be dismissed for failure to state a cause of action unless it appears beyond doubt that the plaintiffs can prove no set of facts in support of any claim which would entitle them to relief. Id.
LAW AND ANALYSIS
In their first assignment of error, the contractors in the Alpha lawsuit challenge this court’s prior writ disposition in the identical, consolidated Mercer lawsuit, where we concluded that La. R.S. 9:2780.1 does not apply to DOTD public works con *1185 tracts. The Alpha contractors assert that, contrary to our holding in the Mercer lawsuit, a plain reading of the statute renders the DOTD contractual provision requiring that contractors procure OOP liability insurance policies unenforceable. Thus, they argue that we are not bound to follow our ruling in the Mercer lawsuit, which they assert was erroneous.
However, we decline to consider the merits of the Alpha contractors’ argument pertaining to the applicability of the statute at issue. Our previous writ disposition concerning the same issue in these consolidated matters constitutes the “law of the case,” a well-settled doctrine that bars reconsideration of issues that were fully litigated previously. The law of the case doctrine and the reasons for applying it have been explained often, in the jurisprudence. The doctrine applies to all pri- or rulings or decisions of an appellate court or the Supreme Court on an issue in a subsequent appeal in the same case, not merely those arising from the full appeal process. See Roccaforte v. Nintendo of America, Inc., 2005-239 (La.App. 5th Cir.11/29/05), 917 So.2d 1143, 1148, n. 4. Generally, when an appellate court considers arguments made in supervisory writ applications or responses to such applications, the court’s disposition'on the issue considered usually becomes the law of the case, foreclosing re-litigation of that issue either at the district court on remand or in the appellate court on a later appeal. See Poole v. Guy Hopkins Const., 2007-0079 (La.App. 1st Cir.11/2/07), 984 So.2d 43, 49, n. 1. Further, when the court of appeal grants an application for supervisory writs and renders judgment, either peremptorily or after briefing |sand oral argument, the decision of the court of appeal will be the law of the case in subsequent proceedings in that matter. Alex v. Rayne Concrete Service, 2005-1457 (La.1/26/07), 951 So.2d 138, 145, n. 6.
The law of the case doctrine applies to parties who were, parties to. the case when the former decision was rendered, which is apparent in this appeal, and to issues that were actually presented and decided by the appellate court.[4] See East Baton Rouge Parish School Bd. v. Wilson, 2008-0536 (La.App. 1st Cir.6/6/08), 992 So.2d 537, 543, writ denied, 2008-1479 (La.12/12/08), 997 So.2d 560. The reasons for the doctrine are to avoid re-litigation of the same issue; to promote consistency of result in the same litigation; and to pro *1186 mote efficiency and fairness to the parties by affording a single opportunity for the argument and decision of the matter at issue. Louisiana Land and Exploration Co. v. Verdin, 95-2579 (La.App. 1st Cir.9/27/96), 681 So.2d 63, 65, writ denied, 96-2629 (La.12/13/96), 692 So.2d 1067, cert. denied, 520 U.S. 1212, 117 S.Ct. 1696, 137 L.Ed.2d 822 (1997). However, this doctrine is not an inflexible law; thus appellate courts are not absolutely bound by it, and may exercise discretion in applying the doctrine. Further, the doctrine should not be applied where it would accomplish an obvious injustice or where the former appellate decision was manifestly erroneous. Dodson v. Community Blood Center of Louisiana, Inc., 633 So.2d 252, 255 (La.App. 1st Cir.1993), writs denied, 93-3158, 93-3174 (La.3/18/94), 634 So.2d 850, 851.
| aDuring consideration of DOTD’s writ application in the Mercer lawsuit, the Mercer contractors, who were identically situated as the Alpha contractors, filed a brief in opposition to DOTD’s writ application. After DOTD was successful in its writ application before this court, the Mercer contractors sought review of this court’s decision with the Louisiana Supreme Court. After full consideration of the Mercer contractors’ arguments, the Supreme Court denied certiorari. Thus, our decision on the issue regarding the inapplicability of La. R.S. 9:2780.1 to DOTD public works contracts is now final and no longer appealable.[5] Once a final judgment acquires the authority of a thing adjudged, no court has jurisdiction to change the judgment. See Tolis v. Board of Supervisors of Louisiana State University, 95-1529 (La.10/16/95), 660 So.2d 1206, 1206-07 (per curiam); Stewart v. Calcasieu Parish School Bd., 2005-1339 (La.App. 3d Cir.5/3/06), 933 So.2d 797, 803, writ denied, 2006-1910 (La.11/3/06), 940 So.2d 666.
The Alpha contractors’ appeal in this matter consists of the same arguments previously raised and fully considered in the Mercer lawsuit writ application. The Alpha contractors do not present anything new bearing on the correctness of this court’s prior decision; they merely argue the ruling was erroneous. Given the more specific statutory provisions covering DOTD and public works contracts in Titles 48 and 38 of the Louisiana Revised Statutes, we find that this court’s prior ruling in the Mercer lawsuit is not manifestly erroneous. Nor do we find our disposition of the Mercer lawsuit writ application to have produced an unjust result. We therefore decline to reconsider our prior ruling in the Mercer lawsuit under the law of the case doctrine. Accordingly, the dis *1187 trict court did not err when 11flit followed our ruling in the Mercer lawsuit and dismissed the Alpha lawsuit after sustaining DOTD’s peremptory exceptions raising the objections of no right of action and no cause of action.
We now address the Alpha contractors’ second assignment of error concerning whether the district court erred in not affording the Alpha contractors an opportunity to amend their petition before dismissing the Alpha lawsuit with prejudice. The record is unclear whether the Alpha contractors actually sought leave to amend their petition before or after the district court sustained DOTD’s exceptions, but the district court apparently concluded that the grounds raised in DOTD’s exceptions could not be removed by amending the petition. Under La.Code Civ. P. art. 934, when the grounds of the objection pleaded by the peremptory exception may be removed by amendment of the petition, the judgment sustaining the exception shall order such amendment. However, if the grounds of the objection cannot be removed, the action, claim, demand, issue, or theory shall be dismissed. La.Code Civ. P. art. 934. See In re Melancon, 62 So.3d at 764. Thus, the right to amend a petition is qualified by the restriction that the objection be curable. Hennig v. Alltel Communications, Inc., 2005-96 (La.App. 5th Cir.5/31/05), 903 So.2d 1137, 1140. Where the amendment would be a vain and useless act, such an amendment is not required by La.Code Civ. P. art. 934. In re Succession of Russo, 2012-32 (La.App. 5th Cir.5/22/12), 96 So.3d 1231, 1235.
Our de novo review of the Alpha contractors’ petition and the applicable law reveals no reason to order an amendment in this case because the general statute that the contractors rely on does not apply to DOTD. The Alpha contractors, as the Mercer contractors, failed to show that they belong to the class of persons to whom the law grants the cause of action asserted in the Alpha lawsuit, and it is not conceivable that an additional allegation could overcome DOTD’s objections that the law does not allow the Alpha contractors a remedy. Accordingly, the district court properly dismissed the Alpha lawsuit without giving the Alpha contractors leave to amend their petition.
I n CONCLUSION
For the assigned reasons, the district court’s September 8, 2014 judgment, sustaining DOTD’s peremptory exceptions raising the objections of no right and no cause of action, and dismissing the contractors’ claims in the Alpha lawsuit, numbered 2014 CA 1752, is affirmed. The consolidated appeal filed by the contractors in the Mercer lawsuit, numbered 2014 CA 1751, is hereby dismissed as moot and/or abandoned. All costs of this appeal are assessed to the contractors in the Alpha lawsuit, Alpha Service and Products, Inc. and Hames Contracting, Inc.
AFFIRMED IN PART; DISMISSED IN PART.
WHIPPLE, C.J., concurs in the result which, under our court rules is legally correct, absent docketing for en banc consideration.

. Title 9 of the Louisiana Revised Statutes contains Civil Code Ancillaries, with La. R.S. 9:2780.1(C) specifically pertaining to Conventional Obligations or Contracts. Louisiana Revised Statute 9:2780.1(C) provides:
Notwithstanding any provision of law to the contrary and except as otherwise provided in this Section, any provision, clause, covenant, or agreement contained in, collateral to, or affecting a motor carrier transportation contract or construction contract which purports to require an in-demnitor to procure liability insurance covering the acts or omissions or both of the indemnitee, its employees or agents, or the acts or omissions of a third party over whom the indemnitor has no control is null, void, and unenforceable. However, nothing in this Section shall be construed to prevent the indemnitee from requiring the indemnitor to provide proof of insurance for obligations covered by the contract. (Emphasis added.)

. Jeff Mercer, L.L.C. was voluntarily dismissed by order of the district court on July 9, 2012, shortly after the Mercer lawsuit petition was filed. All other contractors in the Mercer lawsuit expressly reserved and maintained their rights, claims, and causes of action.

. The district court granted the first appeal to the contractors in the Mercer lawsuit on September 22, 2014, and then granted a second *1184 appeal to the contractors in the Alpha lawsuit on September 26, 2014.

. We note that despite an order of consolidation, each case must stand on its own merits. Ricks v. Kentwood Oil Co., Inc., 2009-0677 (La.App. 1st Cir.2/23/10), 38 So.3d 363, 366-67; writ denied, 2010-1733 (La.10/15/10), 45 So.3d 1112. This is significant in terms of determining whether the Mercer lawsuit is res judicata as to the Alpha contractors, but not significant regarding the law of the case for these consolidated matters. The Alpha contractors filed their petition on August 28, 2013, the Alpha lawsuit was consolidated with the Mercer lawsuit for all purposes on September 16, 2013, and this court’s writ disposition in the Mercer lawsuit was rendered on November 19, 2013, which became final after the Supreme Court denied certiora-ri on April 11, 2014. Because the contractors are different in the Mercer and Alpha lawsuits and the class action was never certified, the Alpha contractors did not actually participate in the Mercer lawsuit. Thus, we do not find that our judgment in the Mercer lawsuit is res judicata as to the Alpha lawsuit. See La. R.S. 13:4231 ("a valid and final judgment is conclusive between the same parties ”); Khammash v. Clark, 2013-M564 (La.5/7/14), 145 So.3d 246, 257 (a previous judgment can only preclude an issue under principles of res judicata against a party that actually participated in the litigation.); Stroscher v. Stroscher, 2001-2769 (La.App. 1st Cir.2/14/03), 845 So.2d 518, 525 (implicit in the concept of res judicata is the principle that a party had the opportunity to raise a claim in the first adjudication, but failed to do so.) Hence, we apply the law of the case doctrine instead of res judicata.

. We re-iterate the essence of our writ disposition in the Mercer lawsuit: pursuant to general rules of statutory construction and in light of the specific provisions of the DOTD Public Works Act, which governs all contracts related to DOTD, and the Public Works Act, which governs all public works contracts, found respectively in Titles '48 and 38 of the Louisiana Revised Statutes, the more general law found in La. R.S. 9:2780.1 is pre-empted and not applicable to DOTD. See Filson v. Windsor Court Hotel, 2004-2893 (La.6/29/05), 907 So.2d 723, 726 (where two statutes deal with the same subject matter, they should be harmonized if possible; however, if there is a conflict, the statute specifically directed to the matter at issue must prevail as an exception to the statute more general in character); Don Bihm Equipment Co., Inc. v. Louisiana Dept. of Transp. and Development, 2010-1997 (La.App. 1st Cir.5/6/11), 64 So.3d 897, 902 (the DOTD Public Works Act exclusively governs the public contracts of DOTD); Johnson v. Shafor, 2008-2145 (La.App. 1st Cir.7/29/09), 22 So.3d 935, 940, writ denied, 2009-1921 (La.11/20/09), 25 So.3d 812 (where there is a conflict between two statutory provisions, the statute that is more specifically directed to the matter at issue must prevail over the statute that is more general in character).