NEWELL NORMAND, SHERIFF AND
EX-OFFICIO TAX COLLECTOR FOR
THE PARISH OF JEFFERSON

NO. 19-CA-272

FIFTH CIRCUIT

VERSUS

COURT OF APPEAL

MR. MUDBUG, INC. AND
MICHAEL J. MAENZA

STATE OF LOUISIANA

ON APPEAL FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON, STATE OF LOUISIANA
NO. 742-546, DIVISION "C"
HONORABLE JUNE B. DARENSBURG, JUDGE PRESIDING

December 30, 2019

**JUDE G. GRAVOIS**
**JUDGE**

Panel composed of Judges Fredericka Homberg Wicker,
Jude G. Gravois, and Robert A. Chaisson

**JUDGMENT VACATED; MATTER REMANDED**
    **JGG**
    **FHW**
    **RAC**

COUNSEL FOR PLAINTIFF/APPELLEE,
JOSEPH P. LOPINTO, III, SHERIFF AND EX-OFFICIO TAX COLLECTOR
FOR THE PARISH OF JEFFERSON, SUCCESSOR IN OFFICE TO FORMER
JEFFERSON PARISH SHERIFF NEWELL NORMAND
      Kenneth C. Fonte

COUNSEL FOR DEFENDANT/APPELLANT,
MR. MUDBUG, INC.
      Charles V. Cusimano, III
      Michael G. Gaffney
      Christopher M. Gaffney

**GRAVOIS, J.**

Appellant, Mr. Mudbug, Inc. ("Mr. Mudbug"), a business operating in Jefferson Parish, appeals a January 28, 2019 trial court judgment in favor of Newell Normand, Sheriff and Ex-Officio Tax Collector for the Parish of Jefferson ("Collector"), finding Mr. Mudbug liable to the Collector for use taxes for the tax periods January 2007 through June 2009.[1]  On appeal, Mr. Mudbug argues that the trial court erred in ruling that Mr. Mudbug was precluded from asserting any defenses to the Collector's Rule for Taxes at the trial on the merits of the matter. Mr. Mudbug asks that the judgment under review be reversed and the matter be remanded for a trial on the merits of the matter wherein it may assert its affirmative defenses to the Collector's Rule for Taxes.

For the following reasons, after benefit of review of the full appellate record and a previous writ application filed with this Court, we find merit to Mr. Mudbug's arguments on appeal.  Accordingly, the trial court's January 28, 2019 judgment is hereby vacated and the matter is remanded to the trial court for further proceedings consistent with this opinion.

## PROCEDURAL HISTORY

On June 16, 2014, the Collector sent Mr. Mudbug a Notice of Delinquent Taxes and Civil Enforcement.  On June 26, 2014, Mr. Mudbug responded to the Notice, claiming that the taxes in question had prescribed.  On September 17, 2014, the Collector filed in the Twenty-fourth Judicial District Court a Rule for Taxes, a summary proceeding, against Mr. Mudbug and Michael J. Maenza,[2] as authorized by La. R.S. 47:337.61.  Therein, the Collector alleged that Mr. Mudbug

---

[1] At the time the Rule for Taxes was filed in the district court, Newell Normand was Sheriff and Ex-Officio Tax Collector for the Parish of Jefferson.  He has since been succeeded by Joseph P. Lopinto, III, but it does not appear that the suit was amended to reflect this.

[2] All claims against Mr. Maenza, principal of Mr. Mudbug, were dismissed with prejudice by the trial court's October 26, 2016 judgment.  Accordingly, remaining references in this opinion to "taxpayer" will refer solely to Mr. Mudbug.

had failed to remit use taxes during the monthly tax periods from January 2006 through June 2009, inclusive. The Rule additionally claimed that Mr. Mudbug was liable to the Collector for statutory interest, penalties, attorney's fees, and costs. The petition attached a two-page "Case Summary" showing a total balance due of $99,289.79, as well as an affidavit from the Collector's Office as required by La. R.S. 47:337.61.

As per the requirements of La. R.S. 47:337.61(2), Mr. Mudbug filed Exceptions of Vagueness and Prescription and Answer/Opposition to Rule with Affirmative Defenses, detailing ten affirmative defenses to the Rule.[3] The exception of prescription argued that the taxes sought had all prescribed under the three-year prescriptive periods of La. Const. art. VII, §16 and La. R.S. 33:2718.4, again claiming that the taxpayers "have not heard from the Parish on this matter in almost 4 years."

The events of "almost 4 years" ago referred to by Mr. Mudbug in its Answer began when the Collector sent Mr. Mudbug a proposed use tax assessment on September 22, 2010. On October 11, 2010, Mr. Mudbug protested the proposed assessment and requested a hearing before the Collector. According to the pleadings, a hearing on the protest was held on October 28, 2010. On October 29, 2010, a Notice of Delinquent Taxes – Formal Assessment was issued to Mr. Mudbug by the Collector under La. R.S. 47:337.51, which was delivered to Mr. Mudbug on November 1, 2010. The Notice of Delinquent Taxes – Formal Assessment, which complied with statutory requirements in effect at the time, informed Mr. Mudbug that it had three options, one of which must be exercised within 60 calendar days: pay the assessment in full, request a hearing with the

---

[3] The exception of vagueness asserted that the Rule failed to state any factual basis for the alleged balance of use taxes due, that the Rule made no reference to any proposed assessment, notice of assessment, or audit, and that the amounts claimed in the Rule are not consistent with "discussions four years ago" for either the sales taxes or use taxes.

Collector, or pay the assessment under protest in accordance with La. R.S. 47:337.63. The record indicates that the parties were in contact in November of 2010 several times, conducting further business regarding the formal assessment.[4]

On December 28, 2010, Mr. Mudbug hand delivered its request for a hearing, as per the October 29, 2019 notice of formal assessment, to the Collector. The Collector's records contain a letter to Mr. Mudbug's counsel dated January 4, 2011, stating that it found Mr. Mudbug's request for a hearing untimely, but that it would schedule a meeting between the parties on January 26, 2011. However, Mr. Mudbug has since maintained, in both its correspondence to the Collector after receiving the Notice of Delinquent Taxes in June of 2014, and after being served with the Rule for Taxes in September of 2014, and in its answer and exceptions to the Rule for Taxes, that it had not received any further communication from the Collector after it hand delivered its request for a hearing on December 28, 2010.[5] Both Ms. Jeannine Theriot's testimony at a later hearing on the exception of prescription and the Collector's records confirm that Mr. Mudbug did not appear for the January 26, 2011 meeting offered in the January 4, 2011 letter, nor did Mr. Mudbug contact the Collector's Office in any way regarding the proposed meeting, despite earlier regular correspondence between the parties from the date of the proposed assessment (September 22, 2010). The record as a whole indicates that there was no further contact between the parties until June of 2014, "almost 4 years" later, when Mr. Mudbug received the Collector's Notice of Delinquent

---

[4] For example, in November of 2010, Mr. Mudbug sent the Collector a request for arbitration pursuant to La. R.S. 47:337.51 that Mr. Mudbug later acknowledged was without effect because it was not entitled to arbitration under the version of that statute in effect at that time.

[5] The record shows that for other correspondence and notices sent by the Collector to Mr. Mudbug, the Collector's records contained the "green card" evidencing the certified mail receipt by Mr. Mudbug. Jeannine Theriot, sales tax manager for the Collector, testified at the hearing on the exception, that there was no green card in her records for the January 4, 2011 letter.

Taxes and Civil Enforcement, prior to the Rule for Taxes being filed on September 17, 2014, as previously stated.[6]

On June 28, 2016, almost two years after the Rule for Taxes was filed, the Collector filed a Motion to Set Hearing on the Rule for Taxes, in accordance with La. R.S. 47:337.61.[7] By joint order, the exceptions of vagueness and prescription were bifurcated from the issues raised in the answer and affirmative defenses, and the matter was set for a hearing on August 1, 2016. However, on that date, the parties held a status conference instead, and the matter was set for trial on the merits on September 20, 2016.[8] On joint motion of the parties, Mr. Mudbug's exceptions of vagueness and prescription were set for hearing on September 9, 2016. The Collector filed an opposition to the exceptions.

Mr. Mudbug withdrew its exception of vagueness prior to the hearing. The parties appeared for a hearing on September 9, 2016 solely on the exception of prescription. The court allowed the parties to file post-hearing memoranda. The trial court rendered judgment on October 26, 2016, denying Mr. Mudbug's exception of prescription.

Mr. Mudbug thereafter filed an application for supervisory writs with this Court seeking this Court's supervisory review of the trial court's denial of its exception of prescription. On April 4, 2017, this Court granted the writ in part and denied the writ in part, finding that the taxes from 2006 were prescribed, but that the taxes from January 2007 through June 2009 were not prescribed. *Normand v.*

---

[6] The Sixth Defense set forth in Mr. Mudbug's Exceptions of Vagueness and Prescription and Answer/Opposition to Rule with Affirmative Defenses, provides, in pertinent part: "The defendants on December 28, 2010 timely filed a request for a hearing with the collector. The defendants did not receive any communication from the Tax Collector until recently when receiving a Notice on June 16, 2014. A Notice of Delinquent Taxes and Civil Enforcement was issued that date but was not signed. The taxpayer responded on June 26, 2014 informing the Collector of the above facts and that the taxes had prescribed."

[7] It is noted that La. R.S. 47:337.61's summary proceedings requires matters to be heard "not less than two nor more than ten days after notice to the defendant or opposing party." The record contains no explanation for the almost two-year delay in setting this matter for hearing.

[8] The trial on the merits of the matter was continued without date once the trial court ruled in the Collector's favor on Mr. Mudbug's exception of prescription.

*Mr. Mudbug, Inc. et al*, 16-742 (La. App. 5 Cir. 4/4/17) (unpublished writ decision). Thereafter, the record shows no activity took place in this case for approximately fifteen months until July 26, 2018, when the Collector filed a Motion to Set for Hearing on its Rule for Taxes. The Rule was heard on January 28, 2019, with the trial court rendering judgment in favor of the Collector, specifically finding that Mr. Mudbug was precluded by the language in this Court's writ disposition from presenting any defenses to the Rule for Taxes.[9] Mr. Mudbug perfected a timely appeal under La. R.S. 47:337.61(3).

On appeal, Mr. Mudbug argues the following assignments of error:

1. The trial court erred in its interpretation of this Court's decision when the trial court ruled that Mr. Mudbug "does not have any defenses that are presentable per the Louisiana Fifth Circuit Court of Appeal's decision dated April 5, 2017."

2. The trial court erred in ruling in favor of the Collector without ever having a trial on the merits.

3. The trial court erred in its ruling regarding the amounts awarded to the Collector as the amounts far exceed the amounts the Collector prayed for in its Rule for Taxes.

4. The trial court erred in ordering that the Judgment is a final Judgment.

After having the benefit of review of the entire record of this matter, as well as the writ application filed in 2016, we find merit to appellant's first assignment of error. Finding merit to this argument, we pretermit discussion of the remaining assignments of error. For the following reasons, the judgment of January 28, 2019 is hereby vacated, and the matter is remanded to the trial court for a full trial on the merits of the Collector's claims.

---

[9] The judgment also rendered in favor to the Collector and against Mr. Mudbug in the amount of $109,722.96 for local sales and use taxes, penalties, and accrued interest for the tax periods in question, together with interest on the unpaid principal amount of taxes at the rate applicable to local sales and use taxes from the date of judicial demand until the debt is paid in full, attorney's fees in the amount of 10 percent of the taxes, penalties, and interest due, and for all costs.

Generally, when an appellate court considers arguments made in supervisory writ applications or responses to such applications, the court's disposition on the issue considered usually becomes the law of the case, foreclosing re-litigation of that issue either at the district court on remand or in the appellate court on a later appeal. *Jeff Mercer, L.L.C. v. State, Dep't of Transp. & Dev.*, 14-1752 (La. App. 1 Cir. 6/5/15), 174 So.3d 1180, 1185, *writ denied*, 15-1624 (La. 10/30/15), 179 So.3d 618. However, this doctrine is not an inflexible law; thus appellate courts are not absolutely bound by it, and may exercise discretion in applying the doctrine. Further, the doctrine should not be applied where it would accomplish an obvious injustice or where the former appellate decision was manifestly erroneous. *Id*.[10]

In our writ disposition of April 4, 2017, wherein this Court found that the taxes from 2006 had prescribed, but the taxes from January 2007 through June 2009 were not prescribed, this Court stated:

> On September 17, 2014, respondent, Newell Normand, Sheriff and Ex-Officio Tax Collector for the Parish of Jefferson ("Tax Collector"), filed a Rule for Taxes pursuant to La. R.S. 43:337.61, relative to summary proceedings. The Tax Collector alleged that Mr. Mudbug had failed to pay the full amount of Sales and Use taxes for the period of January 2006 through June 2009. On November 21, 2014, Mr. Mudbug filed an exception of vagueness and prescription, alleging that more than three years had passed and therefore the taxes were prescribed, pursuant to La. R.S. 47:337.67A. The Tax Collector argued that prescription was interrupted by its actions in assessing the amounts of such taxes, pursuant to La. R.S. 47:337.67B(1). **After a hearing, the trial court denied Mr. Mudbug's exception of prescription, and it filed this application for writ of review.** We grant in part and deny in part.
>
> La. R.S. 47:337.67A provides that "Sales and use taxes ... shall prescribe as of three years from the thirty-first day of December of the year in which such taxes became due." Thus, the prescriptive periods for the taxes allegedly owed by Mr. Mudbug were as follows: for the taxes due in 2006, Dec. 31, 2009; for the taxes due in 2007, Dec. 31, 2010; for the taxes due in 2008, Dec. 31, 2011; and for the taxes due from January 1, 2009 through June, 2009, Dec. 31, 2012. Since the

---

[10] *See also Baxter v. Baxter*, 15-0085 (La. App. 4 Cir. 6/24/15), 171 So.3d 1159, 1166-67, wherein the Court of Appeal agreed to reconsider its prior writ disposition, noting that on appeal it now had benefit of the full record.

rule for taxes was not filed until November of 2014, the rule for taxes is prescribed on its face, unless the prescriptive period was interrupted as provided by law.

The Tax Collector opposed the exception of prescription, arguing that the running of prescription was interrupted by La. R.S. 47:337.67B(1), which provides that "The prescriptive period running against any such sales and use taxes shall be interrupted by any of the following: (1) The action of the collector in assessing the amounts of such taxes in the manner provided by law."

With regard to those taxes assessed for the period of January 2006 through December 2006, those taxes prescribed on December 31, 2009. By its own admissions, the assessment was not issued until October 29, 2010. Therefore those taxes have prescribed and the trial court was in error in ruling otherwise.

With regard to the remaining sales and use taxes, the Tax Collector introduced evidence to show that a proposed assessment of the taxes owed was delivered to Mr. Mudbug on September 22, 2010 and thereafter notice of a formal assessment was delivered by certified mail to Mr. Mudbug on November 1, 2010. At that time, Mr. Mudbug had 60 calendar days to do one of three things: (1) pay the amount of the assessment; (2) request a hearing with the collector; or, (3) pay the amount under protest in accordance with La. R.S. 47:337.63. See La. R.S. 47:337.51(A). Mr. Mudbug requested a hearing, which was deemed untimely by the Tax Collector. Although Mr. Mudbug now claims that the Tax Collector was in error, it did not challenge this determination at the time, and therefore waived its right to object. Mr. Mudbug further did not pay the amount of the assessment, either under or without protest. **Accordingly, the Tax Collector's assessment was final and became the equivalent of a final and enforceable judgment, subject to the same prescriptive period as that of a final judgment.** See La. R.S. 47:337.33A(1) and La. R.S. 47:337.68. **Accordingly, we find no error in that part of the trial court's judgment which denied the exception of prescription for the tax periods of 2007, 2008, and January 1, 2009 through June 2009.**

We therefore grant this writ in part and find that the taxes due for the period encompassing the year of 2006 have prescribed. We find no error in the court's ruling denying the exception of prescription for the taxes due for 2007, 2008 and January 1, 2009 through June 2009.

(Emphasis in bold added.)

As shown above, in said writ disposition, this Court found that the January 2007 through June 2009 taxes were not prescribed. At the hearing on the merits on remand, the trial court orally referenced the following language contained in said writ disposition several times: "**Accordingly, the Tax Collector's assessment was**

**final and became the equivalent of a final and enforceable judgment, subject to the same prescriptive period as that of a final judgment."** This reference was later used by the trial court as its basis for finding in its January 28, 2019 judgment that "Defendant, Mr. Mudbug, Inc. does not have any defenses that are presentable per the Louisiana Fifth Circuit Court of Appeal's decision dated April 5, 2017."

On appeal, Mr. Mudbug argues that the trial court interpreted the above-quoted language contained in said writ disposition to mean that the merits of the Collector's claims had been decided by this Court, and accordingly, Mr. Mudbug could not present any defenses to the merits of the Collector's claims. Mr. Mudbug posits that the above-quoted language contained in said writ application was only intended to address the relevant prescriptive periods, which undisputedly was the only issue before this Court in said writ application.

In reply on appeal, the Collector argues that the trial court correctly interpreted and properly relied on the above-quoted language contained in said writ disposition because, it argues, this Court's said disposition was final and thus equivalent to a final and enforceable judgment in the Collector's favor and against Mr. Mudbug on the merits of the Collector's claims, *i.e.*, because said disposition is now considered "the law of the case" as to the merits of the Collector's claims.

Upon review, we find that the trial court's interpretation of and reliance on the above-quoted language contained in this Court's previous writ disposition accomplishes an obvious injustice: the preclusion of consideration of Mr. Mudbug's stated defenses to the Rule for Taxes, a result that this Court apparently never intended when it ruled on said writ application. *See Jeff Mercer, L.L.C. v. State, Dep't of Transp. & Dev.*, *supra*, 174 So.3d at 1185. We so find because the record is undisputedly clear that the parties bifurcated the issues raised by Mr. Mudbug in its exceptions, answer, and affirmative defenses, and the exception of

prescription was not only the sole issue before the trial court at the earlier hearing in this matter, but it also was the sole issue before this Court in said writ application.

Further, in hindsight, said disposition that "the Tax Collector's assessment was final and became the equivalent of a final and enforceable judgment" was possibly also manifestly erroneous, given that it has never been established, in either the writ application or from the entire record of which we now have the benefit, that Mr. Mudbug received the Collector's January 4, 2011 letter denying its request for a hearing as untimely.[11]  It thus appears that this Court's prior analysis and disposition had the unintended effect of appearing to preclude Mr. Mudbug from attempting to establish the affirmative defenses that it had clearly pleaded in its answer.  In our opinion, the only intended result of this Court's prior writ disposition was to agree with the trial court's conclusion that the tax assessments for the periods from January 2007 through June 2009 were not prescribed, as this was the only issue this Court was asked to address in said writ application.  We thus decline to find that the above-quoted language contained in this Court's previous writ disposition is "the law of the case" as to the merits of the Collector's claims.  Accordingly, because of the obvious injustice resulting from the trial court interpretation of and reliance on this Court's previous writ disposition, we vacate the trial court's January 28, 2019 judgment and remand the matter to the trial court for a full trial on the merits of the Collector's claims.

Further, the Collector asserts in brief that Mr. Mudbug is also precluded from presenting evidence of its defenses because at the "trial," it did not proffer its evidence, and further because Mr. Mudbug did not make a statement setting forth the nature of the evidence it failed to proffer, and accordingly, this Court may not

---

[11] A thorough review of the record as well as the writ application filed in this Court shows that Mr. Mudbug has consistently maintained that it did not receive the January 4, 2011 letter denying its request for a hearing, explaining why Mr. Mudbug "did not challenge this determination at the time."

review this complaint on appeal. We disagree. We find that the situation is clearly distinguishable from circumstances concerning the proffer of evidence under La. C.E. art. 103(A)(2)[12] and La. C.C.P. art. 1636(A).[13] The trial court's ruling denying Mr. Mudbug the opportunity to put on *any defense whatsoever* to the Rule for Taxes was not predicated upon an objection to the content, or some characteristic, of the excluded evidence, wherein the rationale for the proffer rules would be implicated. Accordingly, we disagree with the Collector's position, and find the issue properly before this Court on appeal. Upon remand, Mr. Mudbug's previous lack of proffer shall not operate to prevent it from otherwise seeking to introduce evidence at the trial on the merits of the matter in defense of the tax assessments in question.

## CONCLUSION

For the foregoing reasons, the trial court's January 28, 2019 judgment is hereby vacated and the matter is remanded to the trial court for further proceedings consistent with this opinion.

**JUDGMENT VACATED;**
**MATTER REMANDED**

---

[12] La. C.E. art. 103(A)(2) provides:

  A. Effect of erroneous ruling. Error may not be predicated upon a ruling which admits or excludes evidence unless a substantial right of the party is affected, and

* * *

  (2) Ruling excluding evidence. When the ruling is one excluding evidence, the substance of the evidence was made known to the court by counsel.

[13] La. C.C.P. art. 1636(A) provides:

  A. When the court rules against the admissibility of any evidence, it shall either permit the party offering such evidence to make a complete record thereof, or permit the party to make a statement setting forth the nature of the evidence.

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
ROBERT A. CHAISSON
STEPHEN J. WINDHORST
HANS J. LILJEBERG
JOHN J. MOLAISON, JR.

JUDGES



CURTIS B. PURSELL
CLERK OF COURT

MARY E. LEGNON
CHIEF DEPUTY CLERK

SUSAN BUCHHOLZ
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX

**FIFTH CIRCUIT**

**101 DERBIGNY STREET (70053)**

**POST OFFICE BOX 489**

**GRETNA, LOUISIANA 70054**

www.fifthcircuit.org

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY **DECEMBER 30, 2019** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

## 19-CA-272

### E-NOTIFIED

24TH JUDICIAL DISTRICT COURT (CLERK)
HONORABLE JUNE B. DARENSBURG (DISTRICT JUDGE)
KENNETH C. FONTE (APPELLEE)          CHARLES V. CUSIMANO, III (APPELLANT)          DEBORAH A. VILLIO (APPELLANT)

### MAILED

MICHAEL G. GAFFNEY (APPELLANT)
CHRISTOPHER M. GAFFNEY (APPELLANT)
ATTORNEYS AT LAW
3015 19TH STREET
METAIRIE, LA 70002