STEPHEN MCCREADY

VERSUS

DOUGLAS J. COOK

NO. 24-CA-391

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

ON APPEAL FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON, STATE OF LOUISIANA
NO. 749-161, DIVISION "G"
HONORABLE E. ADRIAN ADAMS, JUDGE PRESIDING

January 29, 2025

**JOHN J. MOLAISON, JR.**
**JUDGE**

Panel composed of Judges Susan M. Chehardy,
John J. Molaison, Jr., and Timothy S. Marcel

**AFFIRMED**
    **JJM**
    **SMC**
    **TSM**

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Jalisa Walker
Deputy, Clerk of Court

COUNSEL FOR PLAINTIFF/APPELLANT,
STEPHEN MCCREADY
    Adrian A. D'Arcy
    Andrew G. Vicknair
    Margaret N. Davis

COUNSEL FOR DEFENDANT/APPELLEE,
DOUGLAS J. COOK
    Stephen O. Scandurro

**MOLAISON, J.**

After this Court previously granted a writ application that reversed the trial court's ruling that set aside a judgment of abandonment and reinstated the court's original judgment that dismissed the suit without prejudice, the appellant filed the instant appeal that challenged the judgment of dismissal. For the following reasons, we affirm the trial court's reinstated judgment.

**PROCEDURAL HISTORY**

*McCready v. Cook*, 24-78 (La. App. 5 Cir. 5/31/24), 391 So.3d 1072, 1073-74, details the procedural history of this case. In relevant summary, the appellant, Stephen McCready ("McCready"), filed suit against appellee Douglas Cook ("Cook") on April 28, 2015, for "contribution" to a promissory note payoff related to the development of a fast-food restaurant. On September 7, 2023, Cook filed an Ex Parte Motion to Dismiss for Abandonment under La. C.C.P. art. 561. The court granted Cook's *ex parte* motion on October 17, 2023, dismissing the suit without prejudice. On November 8, 2023, McCready timely filed a Motion to Set Aside Dismissal under Article 561(A)(3), which the trial court granted on October 17, 2023. Cook sought supervisory review of that ruling, which this Court granted. We reinstated the trial court's original judgment that dismissed McCready's lawsuit without prejudice. McCready now seeks a review of the reinstated judgment. The record does not show any additional trial court proceedings after remand.

*The issues on appeal*

The prior writ application before this Court addressed whether the trial court erred in granting McCready's Motion to Set Aside Dismissal. In granting the writ, the panel opined, "We conclude the court erred in relying on hearsay, unauthenticated, and insufficient evidence to set aside the judgment which

previously had dismissed the suit based on abandonment." *McCready v. Cook*, *supra*, at 1073. On appeal, McCready currently assigns the following errors:

> 1. Defendant-Appellee Cook did not file a writ application in this matter, and this Court should have denied the application filed by a non-party and therefore, the District Court's ruling on the Motion to Set Aside Dismissal filed by Plaintiff-Appellant McCready should have been left intact.
> 2. This case was not abandoned because McCready took a step recognized by La. C.C.P. art. 561 within three years of the alleged abandonment; the Notice of Deposition that interrupted abandonment was issued on June 17, 2020 and was properly served to Cook's counsel.
> 3. The affidavit of McCready's prior counsel regarding that Notice of Deposition was properly admitted and considered by the trial court, which can take judicial notice of its own record.
> 4. La. C.C.P. art. 561 is ambiguous and should be construed in favor of the Appellant, McCready.

*Allegations of a non-party filing the prior writ application*

We first address the appellant's claim that our prior disposition in this matter, *McCready v. Cook*, *supra*, is null because a non-party, Douglas Cook Enterprises, LLC, sought review of the trial court's December 18, 2023 ruling. The appellant previously raised this claim in opposition to the related writ application. The record shows that Douglas Cook personally filed the notice of intent for that writ at the district court. However, the filing before this Court indicated that the relator was "Douglas Cook Enterprises, LLC." In response to this Court, the respondent/appellee clarified that the cover and signature pages to the writ application "inadvertently refer to the Applicant's company." The panel considering the writ application found this to be a sufficient explanation for the discrepancy. Our disposition references Mr. Cook personally, both in the caption of the case and throughout this Court's disposition itself. Also, the appellant did not seek the Supreme Court's review of the typographical issue after this Court rendered its disposition. Accordingly, we find this assignment to be without merit.

24-CA-391                                                    2

*Assignments of error two and three*

As the respondent in *McCready v. Cook, supra*, McCready argued, in his opposition brief:

> A. The Notice of Deposition Issued on June 17, 2020 Was Properly Served to Cook's Counsel and Interrupted Abandonment.

> B. The Affidavit of McCready's Prior Counsel Was Properly Admitted into Evidence and Considered by the Trial Court.

The panel on the prior writ application directly addressed the issues of whether the notice of deposition was served correctly on Cook's counsel and if the affidavit of his previous counsel was properly admitted at the hearing on his motion to set aside the judgment:

> The record reflects that Cook's counsel objected to the admissibility of McCready's former counsel's affidavit, which objection was overruled. While Article 561(A)(2) specifically allows an affidavit to be used in the *ex parte* procedure concerning a motion to dismiss a suit based on abandonment, paragraph (A)(3), which concerns a motion to set aside the dismissal, does not contain such an authorization. Further, no testimony was presented at the hearing; the only evidence admitted at the hearing, over Cook's objection, was McCready's four exhibits attached to his Motion to Set Aside Dismissal. Accordingly, we conclude that McCready's current counsel's assertions at the hearing that the deposition notice was served upon defense counsel by McCready's former counsel, via email, are uncorroborated and based on inadmissible hearsay evidence. Therefore, we conclude that McCready failed to present sufficient competent evidence to support his Motion to Set Aside the original judgment of dismissal based on abandonment.

*McCready v. Cook*, at 1075. Thus, the appellant's second and third assignments of error are repetitive.

*Law of the case*

In *Normand v. Mr. Mudbug, Inc.*, 19-272 (La. App. 5 Cir. 12/30/19), 286 So.3d 1260, 1265, we observed:

> Generally, when an appellate court considers arguments made in supervisory writ applications or responses to such applications, the court's disposition on the issue considered usually becomes the law of the case, foreclosing re-litigation of that issue either at the district court on remand or in the appellate court on a later appeal. *Jeff Mercer, L.L.C. v. State, Dep't of Transp. & Dev.*, 14-1752 (La. App. 1

Cir. 6/5/15), 174 So.3d 1180, 1185, *writ denied*, 15-1624 (La. 10/30/15), 179 So.3d 618.

The reasons for the law of the case doctrine are to avoid relitigation of the same issue, to promote consistency of results in the same litigation, and to promote efficiency and fairness to both parties by affording a single opportunity for the argument and decision of the matter at issue. *Shaffer v. Stewart Const. Co., Inc.*, 03-971 (La. App. 5 Cir. 1/13/04), 865 So.2d 213, *writ denied*, 04-420 (La. 4/2/04), 869 So.2d 886, *citing Jones v. McDonald's Corp.*, 97-2287 (La. App. 1 Cir. 11/6/98), 723 So.2d 492, 494. However, reconsidering a prior ruling is warranted when, in light of a subsequent trial record, it is apparent that the determination was patently erroneous and produced unjust results. *State v. Falcon*, 13-849 (La. App. 5 Cir. 3/12/14), 138 So.3d 79, 87-88, *writ denied*, 14-769 (La. 11/14/14), 152 So.3d 877.

After reviewing the previous disposition in this case and considering that no further proceedings occurred following remand, we find no basis for disturbing our prior ruling that the evidence introduced by McCready at the Motion to Set Aside the original judgment was inadmissible and insufficient.

*Assignment of error four*

McCready argues in his final assignment of error that La. C.C.P. art. 561 is ambiguous and should be construed in his favor. A record review indicates that this argument is raised for the first time on appeal. Appellate courts generally will not consider issues raised for the first time on appeal. Uniform Rule—Courts of Appeal, Rule 1-3. Considering this long-standing rule of law, we pretermit McCready's fourth assignment of error.

*Conclusion and decree*

In this Court's previous ruling on the issues raised by McCready in the instant appeal, the writ panel thoroughly and carefully considered the merits of his

claims. Without any new facts or additional case law suggesting that this Court's previous determination was patently erroneous, we decline to disturb that ruling. We find no merit in McCready's argument that the prior writ application was void because it was sought by a non-party to the litigation; an explanation for the discrepancy in the pleadings is clear from the record. Finally, we decline to address an assignment of error that raises an issue not first presented to the district court.

For the reasons stated, the reinstated judgment of October 17, 2023, dismissing the suit between the parties without prejudice, is affirmed.

**<u>AFFIRMED</u>**

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
STEPHEN J. WINDHORST
JOHN J. MOLAISON, JR.
SCOTT U. SCHLEGEL
TIMOTHY S. MARCEL

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

SUSAN S. BUCHHOLZ
CHIEF DEPUTY CLERK

LINDA M. WISEMAN
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED
IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY
**JANUARY 29, 2025** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES
NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

## 24-CA-391

**E-NOTIFIED**
24TH JUDICIAL DISTRICT COURT (CLERK)
HONORABLE E. ADRIAN ADAMS (DISTRICT JUDGE)
ADRIAN A. D'ARCY (APPELLANT)          ANDREW G. VICKNAIR (APPELLANT)          MARGARET N. DAVIS (APPELLANT)
STEPHEN O. SCANDURRO (APPELLEE)       TIMOTHY D. SCANDURRO (APPELLEE)

**MAILED**
NO ATTORNEYS WERE MAILED